CHESTER PONO *vs.* FRANK CATALDO *et ux.*

JUNE 12, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J.   This action of debt on judgment was begun by writ of attachment on defendants' real estate, returnable to the superior court on April 4, 1958 and numbered 145510 in the files of that court.   It did not appear from the papers that the case had been answered and on June 24, 1958 the plaintiff filed a motion for entry of nil dicit judgment to be heard on July 11, 1958.   In the meantime on June 9, 1958 the defendants had filed a motion praying that execution be stayed, that judgment be removed and that the hearing date of July 11 be vacated.   A notice thereof was addressed to attorneys for the plaintiff that the motion would come up for hearing on June 13, 1958.   There is a jacket entry on June 13, 1958 to the effect that the assignment to July 11 was vacated and defendants were given ten days to plead.

The next jacket entry shows that on August 21, 1958 a justice of the superior court heard plaintiff's motion to enter judgment by default, that defendants were called and defaulted, and that judgment was entered for $1,504.49.   This entry was followed by one on September 16, 1958 showing that the case was heard on defendants' motion to vacate the default judgment, that the motion was granted, the default removed, and that defendants were to file a plea in two days.   It is to this latter action of the trial justice in vacating a so-called default judgment that plaintiff has duly prosecuted his bill of exceptions to this court.

The bill of exceptions contains three exceptions, namely, (1) to the action of the court in permitting the defendants to file an affidavit of defense at the time of hearing on defendants' motion to vacate; (2) to the ruling of the court

vacating judgment for the plaintiff; and (3) to the decision of the court allowing defendants to file a plea to the jurisdiction.

As to the first exception, in our opinion the better practice, if one is to rely on an affidavit, is to file it with the motion to vacate judgment thereby apprising opposing counsel in advance of the hearing of the reason therefor as in *Feldman* v. *Silva*, 54 R. I. 202. In *McLeod* v. *Fleetwood Motor Sales Inc.*, 83 R. I. 447, at page 450, the court stated: "An affidavit or its equivalent by evidence showing accident, mistake or unforeseen cause and a prima facie meritorious defense are essential to the obtaining of relief of this kind." However, it is clearly within the court's discretion to receive an affidavit at the time of hearing or to receive oral testimony. The purpose of the affidavit or testimony is merely to establish that a defendant has a prima facie meritorious defense and not whether he has a defense on which he can ultimately prevail. *Milbury Atlantic Mfg. Co.* v. *Rocky Point Amusement Co.*, 44 R. I. 458; *Centreville National Bank* v. *Inman*, 34 R. I. 391; *Nelen* v. *Wells*, 45 R. I. 424.

The defendants introduced in evidence as exhibit A an affidavit made by them on August 28, 1958 which at that time was attached to a petition entitled Frank Cataldo et ux. v. Chester Pono and numbered M. P. No. 1253 in the files of this court. The statements in this affidavit were made in reference to the case of Chester Pono v. Frank Cataldo et ux., No. 139830, in the files of the superior court but were allegedly equally applicable to the instant proceeding. We have read the affidavit and we are of the opinion that the trial justice could properly have found that the averments therein tend to show a meritorious defense and to support defendants' prayer that the judgment entered on August 21, 1958 be vacated. If the plaintiff was surprised by reason of such averments he should have asked

for a continuance. The trial justice committed no error in allowing the affidavit as an exhibit.

The defendants' counsel testified that he left the state to go to Minnesota on or shortly after June 13, 1958 because of a death in his family; that he directed his secretary to file a plea which the court had given him permission to file out of time; that such plea was filed in the clerk's office but was not filed in the instant case because he had written a wrong number on the plea, namely, 139830, which was that of an earlier case between the same parties which had then gone to judgment. A copy of the plea was sent to plaintiff's counsel but it had upon it the number 139830 and not the number of the instant case, namely, 145510.

The plaintiff's position is that since he received a plea which had upon it a number of an earlier case he had a right to assume the plea was being filed in that case. He also inspected the papers in the later case and found no plea. He therefore assumed that defendants' counsel had not complied with the court's order of June 13, 1958 allowing a plea to be filed within ten days, and he forthwith sought a judgment which he obtained from the trial justice on August 21, 1958.

General laws 1956, §9-21-2, authorizes the court to set aside a judgment for cause shown within a period of six months after entry thereof. The defendants' motion to vacate the judgment is based upon this statute. Such a motion is addressed to the judicial discretion of the court, and unless it appears that the trial justice abused his discretion or based his determination on an error of law this court will not set aside such determination. *Milbury Atlantic Mfg. Co. v. Rocky Point Amusement Co., supra; Fox v. Artesian Well & Supply Co.*, 34 R. I. 260; *Nelen v. Wells, supra.*

The trial justice considered that in all the circumstances the writing of the number of an earlier case between the

same parties upon the plea in the instant case was a mistake of fact and, as he said, "the sort of thing that might well happen to any person." He permitted an affidavit to be filed and this with the oral testimony which he had heard caused him to conclude that in the interest of justice the defendants should be allowed their day in court. We are of the opinion that his decision was within the range of his judicial discretion.

As a condition of the removal of the default the trial justice required that an original of the plea to the jurisdiction already filed in case No. 139830 be made and filed with the proper number thereon in case No. 145510. The plaintiff's objection to this action is that it was done on the trial justice's initiative and not at the request of defendants' counsel. There was already a plea to the jurisdiction wrongly filed in the earlier case. He might have directed that such plea be returned to the instant case. Instead he evidently felt that it was better that a fair copy of that plea be made and have upon it but one number and that the correct number. In our opinion his action was not improper.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Aram K. Berberian,* for plaintiff.

*John Quattrocchi, Jr.,* for defendants.