232 A.2d 390.

MARTIN CHASE *et al. vs.* ALMARDON MILLS, INC.
REALTY ASSOCIATES, INC. *vs.* ALMARDON MILLS, INC.

JULY 31, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. In each of the above-entitled cases a motion that execution theretofore issued "* * * be vacated and recalled by reason of the inaccuracies therein * * * " was heard by a justice of the superior court and denied. The motions were premised on the ground that in each case the amount of interest added to the amount of the judgment was excessive and that this invalidated the execution. The trial justice, as we understand his decision, treating the motions as being addressed to the sound judicial discretion of the court, held that the movants had failed to demonstrate that there were any inaccuracies in computation in the amount of interest in either case.

In this court it is argued that the clerk of the superior court erred when he included in the statutory form of execution an item that was "* * * not specifically a part of the judgment entered by the court." This argument continues, as we understand it, that once the superior court is informed that an erroneous entry is contained in its records, as in the executions in the instant case, it must review the same and make such corrections as are found to be necessary. In our opinion, the superior court did just this and, in denying the motions, did not abuse its discretion.

It is conceded that courts have an inherent power to recall, amend, or vacate their judgments. In *State* v. *Watson*, 20 R. I. 354, 357, 39 Atl. 193, 194, this court said: "That, as a general proposition, courts have power to set aside, vacate, modify or amend their judgments for good cause no one will question, such power being inherent in the court as a part of its necessary machinery for the due administration of justice."

It is well settled that motions to reopen or vacate a judgment are "* * * addressed to the sound discretion of the court of first instance which will be reversed only upon

demonstrated and clear abuse of discretion * * *." *Kogen* v. *Horowitz,* 169 Pa. Super. 349, 352, 82 A.2d 530, 532. It is equally well settled that judgments, once entered, are not to be disturbed without substantial reason. In *Kolker* v. *Gorn,* 202 Md. 322, 325, 96 A.2d 475, 477, the court said: " '* * * it is a necessary principle of our jurisprudence that judgments are presumed to have been made up after careful deliberation, and consequently, that they should not lightly be interfered with.' "

It is generally held that executions issued to enforce judgments are not a part of the judgment. This viewpoint is aptly stated in *West Jersey Title and Guaranty Co.* v. *Industrial Trust Co.,* 27 N. J. 144, 150, 141 A.2d 782, 785. In that case the court said: "A judgment ordinarily establishes the existence of the right; it is an affirmation in regard to the matters submitted to the court for decision; the first and most obvious consequence of a judgment is that it establishes an indisputable obligation and confers upon the successful party the right to issue execution or other process of the court for its enforcement. Yet this is not an integral part of the judgment. The judgment is merely the affirmation of a liability. The right to use the process of the court for its enforcement is a consequence which the law attaches to it. *Black on Judgments* [1891] §§1, 4."

In the instant case no argument is made that executions, although not a part of the judgment, are not subject to recall and vacation. In our opinion, there is no sound reason why the same rules which apply to judgments above referred to should not apply to motions to recall or vacate an execution. Such process, once it has been served and marked satisfied, should be disturbed only for very substantial reasons. We have examined the transcript of the hearing and the decision of the trial justice denying the instant motions and are constrained to conclude therefrom that in denying them he did not abuse the discretion vested in him. Nowhere in the record does it appear that the computation of

interest was erroneous. The movants' argument is that the same appears on the face of the executions. We cannot agree that such miscomputation is patent upon the face of the record, and it is our conclusion that there was no abuse of discretion in denying the instant motions to recall and vacate the executions.

Each appeal is denied and dismissed, and the decrees appealed from are affirmed.

*Abedon & Abedon, Bernard B. Abedon,* for plaintiffs.

*Harold H. Winsten,* for defendant.