249 A.2d 647.

ELVIRA MATTHEWS *vs.* JOHN MATTHEWS.

FEBRUARY 5, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. The plaintiff brought this civil action against her husband for partition of certain real estate owned jointly by them in the city of Providence. The case was heard on February 6, 1968, before a justice of the superior court, and is now before us on the defendant's appeal from certain orders granting the relief prayed for.

The pertinent facts are briefly as follows. The parties were married in 1943, three children being born of the mar-

riage. The real estate involved consists of a parcel of land with a house located thereon. The property was formerly owned by plaintiff's father and was conveyed by him to the plaintiff and her husband in 1946 subject to a mortgage, the balance of which has been paid in full by the defendant in monthly installments. The parties lived in the house from 1946 to 1965, when, due to marital discord, plaintiff left her husband. He continued to live in the house. He testified that he did not put her out, that the whole family was welcome to come home any time they desired, and that he wishes to keep the house as a home. It was also elicited during the hearing in the superior court that divorce proceedings commenced by the wife have been pending in the family court for more than three years and that she had not proceeded to have that case heard on the merits. The plaintiff commenced the instant action on June 15, 1967, while the parties were living separate and apart.

It appears from statements in the briefs of both parties that at the close of the testimony counsel conferred in chambers with the trial justice and then, after a conference with plaintiff and defendant, the following order, which was signed by the parties and their counsel, was entered:

### "O R D E R"

"This cause came on to be heard on plaintiff's petition for the appointment of a commissioner or commissioners, and after hearing thereon, it is hereby

### "ORDERED"

"1. That the defendant, John Matthews, is given the option to purchase the one-half interest of the plaintiff in the real estate owned jointly by himself and the plaintiff, Elvira Matthews for Two Thousand Five Hundred and 00/100 ($2,500.00) Dollars.

"2. That the defendant, John Matthews, in the event that he purchase said real estate, shall pay to plaintiff Two Thousand and 00/100 ($2,000.00) Dollars upon the receipt by him of a deed from the plaintiff.

"3. That Five Hundred and 00/100 ($500.00) Dollars shall be held in escrow from the said purchase price of Two Thousand Five Hundred and 00/100 ($2,500.00) Dollars, said Five Hundred and 00/100 ($500.00) Dollars to be paid to plaintiff when and if her dower interest in said real estate is ended by operation of law, deed, or otherwise.

"4. That the plaintiff agrees that the defendant's option to purchase the aforementioned shall be conditioned upon the defendant being able to secure a mortgage in the amount of Two Thousand Five Hundred and 00/100 ($2,500.00) Dollars within a reasonable period of time, and further that the defendant shall have forty-five days to secure said mortgage, and have a title search and closing on said real estate.

"5. That in the event the defendant is unable to secure a mortgage as aforementioned, or is unable to secure a good title to said real estate except for the plaintiff's dower interest as aformentioned, that Lloyd A. G. Rustigian and Joseph LeCount shall be appointed co-commissioners of said property for the purpose of selling said real estate described in the plaintiff's complaint.

"6. That if co-commissioners are appointed, they may sell said real estate and make such sale of the real estate as set forth in the plaintiff's complaint.

"7. That if co-commissioners are appointed, that a commission shall issue to them to make partition by public sale or by private sale, as may be determined by this Honorable Court after application of said co-commissioners.

"8. That if co-commissioners are appointed, that they shall be authorized to receive and collect rents and manage, the real estate set forth in the plaintiff's complaint.

"Entered as a decree of this Honorable Court this 19th day of February, 1968."

After the expiration of 45 days, defendant having failed to comply with the option contained in the order entered on February 19, 1968, plaintiff, on April 12, 1968, filed a motion for the appointment of co-commissioners pursuant

to the provisions in the February 19, 1968 order. On May 8, 1968, an order was entered appointing plaintiff's counsel commissioner and authorizing him to sell the property. The order contains a statement that defendant's counsel "* * * declines to serve as a co-commissioner as provided in an order filed in this case dated February 19, 1968." The record also contains a stipulation signed by counsel for both parties stating that "The order dated May 8, 1968 is assented to as to form and may be entered as an order of this Honorable Court." The May 8, 1968 order reads in pertinent part as follows:

"This cause came on to be heard on plaintiff's petition for the appointment of a commissioner or commissioners, and after hearing thereon, it is hereby

"O R D E R E D:

"1. That Lloyd A. G. Rustigian be appointed commissioner of the real estate hereinafter described for the purpose of selling said real estate in accordance with the prayer of the complaint for partition.
"* * *

"3. That the said Lloyd A. G. Rustigian is authorized to sell and directed to sell said real estate at public auction or by private contract at such time and place and upon such terms and conditions of sale consistent with this Order as he shall deem best, but if said sale shall be made by private contract, said premises shall be sold for not less than Five Thousand ($5,-000.00) Dollars, subject to approval of the Court and the said commissioner shall furnish a surety bond of any surety company qualified to do business in the State of Rhode Island conditioned upon the faithful performance of his duties as such commissioner; said bond to be in the amount of Seven Thousand Five Hundred ($7,500.00) Dollars.
"* * *

"7. That upon performance of any agreement to sell and payment by the purchaser to the seller of the full purchase price, the commissioner shall make, execute and deliver to said purchaser a commissioner's

deed, so called, for the above-described premises which deed shall vest in the purchaser an absolute estate, in fee simple, in the above-described premises sold against all parties hereto and that all other parties are hereby ADJUDGED and DECLARED to have no right, title, interest or claim whatsoever in and to said parcel of real estate.

"8. That said commissioner, upon receipt of the total amount to be paid to him, shall hold the same subject to further order of this Court and same shall be invested, under the order of this Court, for the benefit of those persons interested, or who may become interested in the same.

"9. That said commissioner shall make a report to to this Court of all his proceedings and that a commission shall issue out of and under the seal of this Court directed to said commissioner ordering him to make partition in accordance with this judgment.

"10. That said commissioner has leave to apply herein for further orders or judgments of this Court.

"11. That Joseph LeCount, Esq., hereby declines to serve as a co-commissioner as provided in an order filed in this case dated February 19, 1968.

"Entered as an Order of this Court this 8th day of May 1968."

Thereafter, pursuant to rule 73 (b) of the rules of civil procedure of the superior court, the defendant filed an appeal to this court from the orders entered on February 19, 1968, and May 8, 1968, in the superior court.

The defendant does not challenge the authority of the superior court, in the exercise of its sound judicial discretion, to order the partition sought by plaintiff, *Bianchini* v. *Bianchini*, 76 R. I. 30, 68 A.2d 59; but he argues that in the circumstances in the case at bar the trial justice abused his discretion. On this record we do not reach that question.

The order entered on February 19, 1968, was for all intents and purposes the final judgment in this case. As we have previously indicated, it was consented to not only by counsel for the parties, but also by the parties themselves.

The order entered on May 8, 1968, was consistent with the conditions of the February 19, 1968 order and merely implemented the provisions contained therein. Reading the May 8 and February 19 orders together, they are in effect a single consent order, which, being of a private contractual nature, cannot be appealed except under limited circumstances not present here. The general rule that a consent order or decree, in the absence of fraud, collusion, or mistake, is not subject to appellate review has been recognized and applied in the vast majority of jurisdictions. See 4 Am. Jur.2d, *Appeal and Error*, §243 and 69 A.L.R.2d 755. Compare *Allen & Reed* v. *Investments, Inc.*, 182 A. 3. The inclusion in the record of the stipulation signed by counsel for the parties stating that the May 8 order was assented to as to form does not change the nature or effect of the February 19 order.

The defendant's appeal is denied and dismissed, and the cause is remanded to the superior court for further proceedings in accordance with this opinion.

*Rustigian & Rosenfield, Lloyd A. G. Rustigian,* for plaintiff.

*Joseph G. LeCount,* for defendant.