## Commonwealth v. Brody

*Kenneth K. McCann*, for Commonwealth.
*Michael J. Wherry*, for defendant.

FORNELLI, *J.*, September 23, 1982—This is a summary appeal from defendant's conviction of exceeding the maximum speed limits by traveling 72 miles per hour in a 55 mile per hour zone. Defendant's speed was clocked from an airplane on Interstate 79 in Mercer County by timing defendant's travel between two marked lines on the roadway with a calibrated stopwatch which had been properly approved and tested for accuracy.

The issue for this court is the admissibility of Commonwealth's Exhibit 2, which is a Penn Dot survey showing the location of the two marked lines on Interstate 79 and the distance between them as being a measured zone of .3 mile. The Exhibit is

entitled "Pennsylvania Department of Transportation Measured Zone for Aerial Surveillance and Traffic Speed Enforcement." On it is printed "Field Layout 9/26/79"with a signature written over a line entitled "District Chief of Surveys." Below that is the word "approved" with the date February 3, 1981 written beside it and beneath it, the signature of Louis W. Petulla over a signature line entitled "District Engineer." The Exhibit also has a seal which contains the words "Commonwealth of Pennsylvania" inside of which is the name of "Louis W. Petulla, Registered Professional Engineer Number 9450-E."

Exhibit 2 is essential to the Commonwealth's case in that the establishment of defendant's speed is based upon the equation that speed equals distance, divided by time. The survey is necessary to establish the distance factor in the formula as applied to defendant. The fact that the exhibit is a photographic copy does not of itself bar its admissibility as provided by the Uniform Photographic Copies of Business and Public Records as Evidence Act, 42 Pa.C.S.A. §6109. See also, Com. v. Kluger, 12 Pa. Commw. 460; 317 A. 2d 686 (1974).

However, the exhibit is inadmissible hearsay and does not qualify under any of the statutory or evidentiary exceptions to the hearsay rule.

No attempt was made to qualify the survey under the Act of July 9, 1976, P.L. 586, 42 Pa.C.S.A. §6103(a). It permits proof of an official record kept by a governmental department by an official publication or by a copy attested by its custodian or his deputy and accompanied by a certificate under seal that the officer has custody.

There was in this case no proof by official publication or by certification under seal by the officer

having legal custody of the survey. While a seal appears upon the exhibit, it is not accompanied by the requisite certificate. Moreover, the seal is Mr. Petulla's registered engineer stamp pursuant to Act of May 23, 1945, P.L. 913, P.S. §154. It is a seal available to any individual licensed under the Professional Engineers Registration Law. It is not a seal of public office and not the seal of the Department of Transportation. See Adm. Code Section 505, 71 P.S. §185.

No attempt was made to qualify the survey under the Uniform Business Record as Evidence Act, 76, July 9, P.L. 586, 42 Pa.C.S.A. §6108. To so qualify, the survey under this act would have required testimony of the custodian or other qualified witnesses testifying to the identity, the mode of its preparation, and that it was made in the regular course of business at or near the time of the act. See Gimbel Bros. Inc. v. Markette Corp., 200 F. Supp. 95, 101 (E.D. Pa. 1961), aff'd. 307 F. 2d 91 (1962).

There also was no attempt to qualify the survey under the official statement exception to the hearsay rule. See Com. v. Sabb, 269 Pa. Super. 206, 409 A. 2d 437, 442 (1979); Wigmore, Evid. Section 1665 (Chadbourne Rev. 1974).

The application of the presumption that acts and duties of public officials have been properly performed in accordance with the law does not assist the Commonwealth. There is no law that requires the lines be surveyed at .3 mile. There is a requirement that the timing occur for a distance of not less than .3 mile, but the lines can be set up at any distance of .3 or greater. See, 1976, June 17, P.L. 162, 75 Pa.C.S.A. §3368(a). This presumption would compel the conclusion that the lines on Interstate 79 as surveyed and painted were at least .3

mile apart; but for the mathematical certainty needed to compute the speed under the formula of speed equals distance divided by time, the exact distance is necessary. This is different from the application of the presumption to establish that speed signs have been posted at intervals of not greater than .5 mile in accordance with 75 Pa.C.S.A. Section 3362(b) or that the speed signs are in accordance with departmental regulations as to size and color. See Com. v. Kubelius, 209 Pa. Super 535, 232 A. 2d 392, 401 (1967).[1]

The Commonwealth's reliance on Com. v. Mann, 20 D. & C. 3d, 53 (1981) an overweight vehicle case is inappropriate. The court held at p. 57 that the certificate of accuracy of the weighing scale was not a necessary element of the Commonwealth's case. The distance traveled while timed by a stopwatch in this case is a necessary element to establish defendant's speed.

Lastly, Commonwealth urges that the Pennsylvania State Police Trooper on direct examination testified without objection that the lines were .3 mile apart and this hearsay having been admitted, is to be given the same probative value as direct evidence and is a basis upon which a finding of the distance can be made.[2]

---

1. As to the basis of the presumption, omnia praesumuntur rite esse acta, see Beacom v. Robinson, 157 Pa. Super. 515, 43 A. 2d 640, 643 (1945).

2. Unobjected hearsay is not always a proper basis for a finding: it is unjudicious to base a finding of competency of a defendant to stand trial solely upon hearsay testimony: Com. v. Smith, 227 Pa. Super. 355, 324 A. 2d 483, 489 (1974); hearsay as a basis for parole revocation without a finding of good cause

However, where, as here, it is brought out on cross-examination that a witness's testimony on direct examination was based on hearsay it is proper to strike such testimony and disregard it, even though that infirmity is not revealed until during cross-examination: Pauza v. Lehigh Valley Coal Company, 231 Pa. 577, 579-580 80 Atl. 1126 (1911).

Thus, Commonwealth's Exhibit 2 being unadmissible[3] and there being no other competent evidence on which to base a finding of the distance over which defendant's vehicle was timed, defendant's appeal must be sustained.

Hence, this order

## ORDER

And now, September 23, 1982, it is the verdict of this court that defendant David E. Brody is not guilty of the charge of exceeding the maximum speed limits.

---

for its use denies due process rights, Hering v. Bd. of Probation and Parole, 39 Pa. Commw. Ct. 156, 394 A. 2d 1082 (1978); and findings of an unemployment compensation referee based solely on hearsay evidence cannot stand: Walker v. Unemployment Compensation board, 27 Pa. Commw. Ct. 522, 367 A. 2d 366, (1976). But see the Opinion of Justice Kauffman in Unemployment Compensation Board v. Cega, 493 Pa. 588, 427 A. 2d 631 (1981), which was not joined by any other member of the court.

3. This court has taken some time to outline the possible ways of qualifying the Penn Dot survey for its admissibility into evidence since it is anticipated that further cases will appear before it concerning speed violations timed between lines marked on a roadway.