**Viola C. O'HEARN**

v.

**Joseph A. O'HEARN**

**No. 84–202–Appeal.**

Supreme Court of Rhode Island.

March 19, 1986.

Howard I. Lipsey, Providence, for plaintiff.

Leo T. Connors, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal by the defendant from a decree of the Family Court denying defendant's motion to correct a computational error in the calculation of the defendant's monthly living expenses. We conclude that the trial justice did not err in denying the motion that was brought pursuant to Rule 60(a) of the Rules of Procedure for Domestic Relations.[1]

The following facts have been established. In October 1979 a hearing was held before the Family Court to determine the husband's monthly living expenses wherein defendant testified that he required $125 per month to rent furniture for his new domicile. The trial justice inadvertently subtracted this figure from defendant's weekly expenses, resulting in a $92.10 per week error. Because of this mathematical error, defendant's monthly needs, which provided the basis on which his support payments were calculated, were seriously underestimated.

For reasons unknown to this court, defendant did not discover the computational error until 1982, three years after the initial hearing. Accordingly, defendant sought relief from the order pursuant to Rule 60(b) of the Rules of Procedure for Domestic Relations.[2] The trial justice denied the motion because it was not brought within the specified time limit. One year later, defendant moved for relief from order or judgment under Rule 60(a). After numerous postponements and continuances, the motion was heard in March 1984.

At that time, the Family Court justice summarily denied the motion without hearing or argument. The final judgment of divorce was entered in April 1984, and in January 1985, one month after an in-chamber conference between counsel and the trial justice, an order issued finalizing all money and personal-property claims between the parties. The sole issue before the court is whether the trial justice erred in refusing to grant relief pursuant to Rule 60(a) after a decree was entered extinguishing all claims between the parties.

The defendant contends that the computational error committed at the trial level is remediable under the plain language of Rule 60(a). The plaintiff argues that defendant's unsuccessful attempt to rectify the error under Rule 60(b) served to preclude what amounted to nothing more than relitigation of the same issue. The plaintiff also contends that the January 1985 decree finalized all claims for moneys that defendant may have had against plaintiff.

It is well settled that courts have the inherent power to amend or vacate their judgments. In *State v. Watson*, 20 R.I. 354, 357, 39 A. 193, 194 (1898), this court said "[t]hat, as a general proposition, courts have power to set aside, vacate, modify or amend their judgments for good cause no one will question, such power being inherent in the court as a part of its necessary machinery for the due administration of justice." However, it is settled law in this state that motions to modify or vacate a judgment rest within the sound

1. Rule 60(a) of the Rules of Procedure for Domestic Relations reads as follows:
   "Relief from judgment or order.—(a) Clerical mistakes. Clerical mistakes in judgements, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiave or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court."

2. Rule 60(b) provides in pertinent part:
   "Mistake; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgement, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect * * *. The motion shall be made within a reasonable time, and not more than one year after the judgment, order, or proceeding was entered or taken."

discretion of the trial court which will be reversed only upon demonstrated and clear abuse of discretion. *Chase v. Almardon Mills, Inc.*, 102 R.I. 579, 580–81, 232 A.2d 390, 391 (1967); *Kogen v. Horowitz*, 169 Pa.Super. 349, 352, 82 A.2d 530, 532 (1951); *cf. Gaccione v. Gaccione*, 112 R.I. 676, 314 A.2d 423 (1974); *Pate v. Pate*, 97 R.I. 183, 196 A.2d 723 (1964); *Pono v. Cataldo*, 89 R.I. 242, 152 A.2d 99 (1959) (motions made pursuant to G.L. 1956 § 9–21–2 are addressed to the the sound discretion of the trial court and not disturbed on review absent abuse of discretion or erroneous reading of the law).

In the instant case, we find no abuse of discretion on the part of the trial justice. The January 14, 1985 decree, to which defendant consented, was unequivocal in its directive that all claims against plaintiff with respect to personal property or money would extinguish in thirty days. *See Washington Trust Co. v. Fatone*, 106 R.I. 168, 172, 256 A.2d 490, 493 (1969) (cause of action for recovery of money is merged into a valid final judgment entered thereon). We are of the opinion that the aforementioned order was binding and conclusive upon the parties. *Burgess v. Seligman*, 107 U.S. 20, 2 S.Ct. 10, 27 L.Ed. 359 (1882); *A.B.C. Truck Lines, Inc. v. Kenemer*, 247 Ala. 543, 25 So.2d 511 (1946); *Fidelity & Casualty Co. v. Jacob Ruppert, Inc.*, 135 Conn. 307, 63 A.2d 849 (1949); *Healy v. Deering*, 231 Ill. 423, 83 N.E. 226 (1972); *Van Donselaar v. Van Donselaar*, 249 Iowa 504, 87 N.W.2d 311 (1958); *Baldwin v. Baldwin*, 150 Kan. 807, 96 P.2d 614 (1939); *Smith v. Smith*, 295 Ky. 50, 173 S.W.2d 813 (1943); *Knowlton v. Port Huron*, 355 Mich. 448, 94 N.W.2d 824 (1959); *Pangalos v. Halpern*, 247 Minn. 80, 76 N.W.2d 702 (1956); *Greeson v. Greeson*, 208 Okla. 457, 257 P.2d 276 (1953); *In re Estate of Cartmell*, 120 Vt. 234, 138 A.2d 592 (1958).

Finally, defendant argues that the trial justice's failure to hold a hearing on the Rule 60(a) motion deprived him of due process of law. We do not agree. By appearing and consenting to the Janury 1985 decree, defendant had his day in court. Thus, via entering into a consent decree, defendant waived argument and defenses relating to the subject matter underlying the judgment. *Walling v. Miller*, 138 F.2d 629, 631 (8th Cir.1943), *cert. denied*, 321 U.S. 784, 64 S.Ct. 781, 88 L.Ed. 1076 (1944); *Inmates of the Boys' Training School v. Southworth*, 76 F.R.D. 115, 124 (D.R.I.1977); *DeFusco v. Giorgio*, 440 A.2d 727 (R.I.1982). Although this court is generally willing to sanction the use of Rules 60(a) and (b) to correct flaws and mistakes, it is settled law in this state that a judgment entered by consent cannot " 'be opened, changed, or set aside without the assent of the parties in the absence of fraud, mutual mistake or actual absence of consent * * * .' " *DeFusco v. Giorgio*, 440 A.2d at 729; *Douglas Construction and Supply Corp. v. Wholesale Center of North Main Street, Inc.*, 119 R.I. 449, 452, 379 A.2d 917, 918 (1977); *In re Julie*, 114 R.I. 419, 422–23, 334 A.2d 212, 214–15 (1975); *Matthews v. Matthews*, 105 R.I. 121, 126, 249 A.2d 647, 650 (1969). The defendant should not have assented to the order extinguishing all money claims between the parties until the alleged error was corrected.

For the reasons heretofore stated, the husband's appeal is denied and dismissed. The decree denying the motion to vacate under Rule 60(a) of the Rules of Procedure for Domestic Relations is affirmed, and the case is remanded to Family Court.