DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**OFFICE OF THE ATTORNEY GENERAL,
DEPARTMENT OF LEGAL AFFAIRS, STATE OF FLORIDA**,
Appellant,

v.

**NATIONWIDE POOLS, INC.,** a Florida corporation**,
NATIONWIDE POOLS OF DADE, INC.,** a Florida Corporation**,
NATIONWIDE POOLS OF WEST PALM BEACH, INC.,**
a Florida corporation**, NATIONWIDE POOLS, GULF COAST, INC.,**
a Florida corporation, f/k/a **STUART POOLS, INC.,
KEITH LORING STUART,** an individual**, LYNN ANTONUCCI STUART,**
an individual**, FELICIA JOSEPHINA MALLIA,** an individual**,
TERRY LYNN EDWARDS,** an individual**,** and
**THE KINGS HIGHWAY GENERAL CONTRACTING, INC.,**
a Florida corporation n/k/a **NATIONAL CONSTRUCTION GROUP, INC.,**
Appellees.

No. 4D18-822

[April 3, 2019]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. 2013CA014854.

Ashley B. Moody, Attorney General, Tallahassee, Amit Agarwal, Solicitor General, Office of the Attorney General, Tallahassee, and Sarah L. Shullman, Bureau Chief, Office of the Attorney General, West Palm Beach, for appellant.

Claudia T. Pastorius of Claudia T. Pastorius, P.A., Melbourne, Crane A. Johnstone of Johnstone Law, P.A., Fort Lauderdale, and Robyn L. Sztyndor, Fort Lauderdale, for appellees.

KUNTZ, J.

The Office of the Attorney General (OAG) appeals an order granting the defendants' motion to vacate final judgments against them for lack of due process and for failure to state a cause of action in the complaint. We reverse.

### *Background*

The OAG sued defendant Nationwide Pools, Inc., for deceptive trade practices and implementing a surcharge for credit card usage. The OAG asked the court to declare the practices unfair, enjoin the defendants from the pool industry, award equitable relief, award restitution, assess civil penalties, and award attorney's fees.

After filing the complaint, the OAG discovered that the defendants closed Nationwide Pools and formed a new pool company, National Construction Group. The OAG also learned that they transferred Nationwide Pools' assets to National Construction Group. Based on the discovery of the new company, the OAG amended the complaint to name National Construction Group and sought an ex parte temporary injunction and asset freeze against the companies and the individual defendants. The court granted the ex parte temporary injunction. Although Florida Rule of Civil Procedure 1.610(d) allowed the defendants to challenge the ex parte order, they did not do so.

## The Corporate Defendants

The corporate defendants did not file an answer to the complaint. At a hearing before the entry of the default judgment, co-defendant Keith Stewart appeared stating he was the president of Nationwide Pools and that he did not "object to the default."

Separately, co-defendant Terry Edwards, owner of National Construction, was granted an enlargement of time to respond to the complaint and to allow him time to find counsel. But, counsel never appeared on National Construction's behalf.

This led to the entry of a default judgment against the corporate defendants.

## The Individual Defendants

The individual defendants appeared pro se throughout the proceedings.[1] They individually filed answers and affirmative defenses

---

[1] Unlike the corporate defendants, an individual may defend himself or herself without an attorney. *See Punta Gorda Pines Dev., Inc. v. Slack Excavating, Inc.,* 468 So. 2d 438, 439 (Fla. 2d DCA 1985) ("A corporation must be represented by

and attended six hearings. The individuals participated in discovery and sought and obtained partial relief from the court-ordered asset freeze.

The OAG moved for summary judgment and the individual defendants submitted evidence in opposition to the motion. The court entered summary judgment on liability only and set an evidentiary hearing on damages. Before the evidentiary hearing, the court suggested the OAG and the defendants attempt to settle.

The OAG and the individual defendants negotiated consent judgments. After the court entered the judgments, no party appealed.

**The Motion to Vacate**

Seventeen months after the court rendered the consent judgments, the defendants moved to disqualify the judge based on alleged impermissible ex parte proceedings discovered on the court's public docket. The judge granted the motion.

After the judge disqualified himself, the defendants moved to vacate the consent judgments pursuant to Florida Rule of Civil Procedure 1.540(b)(4), arguing they were denied due process based on the alleged ex parte proceedings. They also argued the OAG's amended complaint failed to state a claim. The newly assigned circuit judge held a three-day evidentiary hearing, agreed with both arguments, and vacated the judgments.

The OAG appeals the court's order vacating the consent judgments.

## *Analysis*

A court may vacate a judgment if the judgment is void. Fla. R. Civ. P. 1.540(b). A judgment is void if entered by a court without subject matter jurisdiction, *Tannenbaum v. Shea*, 133 So. 3d 1056, 1061 (Fla. 4th DCA 2014) (citation omitted), or if the "due process guarantee of notice and a real opportunity to be heard" were violated, *Shiver v. Wharton*, 9 So. 3d 687, 690 (Fla. 4th DCA 2009). Without those circumstances, "errors, irregularities, or wrongdoing in proceedings . . . will not render the judgment void." *Tannenbaum*, 133 So. 3d at 1061 (quoting *Krueger v. Ponton*, 6 So. 3d 1258, 1261 (Fla. 5th DCA 2009)).

---

an attorney when it appears in the courts of the State of Florida." (citations omitted)).

The defendants argue they were denied due process because the circuit court held four hearings on an ex parte basis. But they discovered these hearings on the court's public docket, and the case concluded with the defendants agreeing to the entry of consent judgments.

At common law, a consent judgment could be set aside only for clerical error. *Swift & Co. v. United States*, 276 U.S. 311, 323–24 (1928) (citation omitted). The United States Supreme Court has taken a more liberal view, allowing review when there was "a claim of lack of actual consent to the decree as entered," "fraud in its procurement," or "lack of federal jurisdiction because of the citizenship of the parties." *Id.* at 324 (internal citations omitted). But other than those limited circumstances, a judgment entered by consent must be affirmed on appeal without considering the merits. *Id.* And when the court is reviewing a motion to vacate, and not a direct appeal of the judgment, "the scope of the inquiry may be even narrower." *Id.*

The narrow review afforded when a party consents to judgment exists because "due process rights to notice and hearing prior to a civil judgment are subject to waiver." *D.H. Overmyer Co. of Ohio v. Frick Co.*, 405 U.S. 174, 185 (1972).

We question whether there were due process violations here. But we need not reach that issue. The defendants consented to the final judgment, and "one may not seek review of a judgment entered with his consent nor under which he has accepted benefits." *In re Fredcris, Inc.*, 101 So. 2d 49, 51 (Fla. 3d DCA 1958) (citations omitted); *see also Walling v. Miller*, 138 F.2d 629, 631 (8th Cir. 1943) ("All errors going to the merits and remediable on appeal are waived by consent to the decree. If the court entering the decree had jurisdiction both of the general subject matter and of the parties, any objection to the merits is reviewable on appeal and is not open on a motion to vacate." (citations omitted)); *O'Hearn v. O'Hearn*, 506 A.2d 78, 80 (R.I. 1986) ("By appearing and consenting to the January 1985 decree, defendant had his day in court. Thus, via entering into a consent decree, defendant waived argument and defenses relating to the subject matter underlying the judgment." (citations omitted)).

Finally, we address the alternative basis for the court's order, the court's conclusion that the OAG's amended complaint failed to state a claim. The court found that the consent judgments were based, in part, on a statute the Eleventh Circuit held unconstitutional. *See Dana's R.R. Supply v. Attorney Gen., Fla.*, 807 F.3d 1235, 1239 (11th Cir. 2015). The

Eleventh Circuit found the statute violated the First Amendment of the United States Constitution. *Id.*

Here, the circuit court held that "[i]t is well established under Florida Law that a judgment is void if it is based on a statute subsequently declared unconstitutional." But that is not the established rule. Judgments based on illegally enacted statutes are void, but judgments based on legally enacted statutes whose provisions violate the Constitution are voidable. *Green v. State*, 839 So. 2d 748, 752 (Fla. 2d DCA 2003) (citing *B.H. v. State*, 645 So. 2d 987, 995 (Fla. 1994)), *quashed on other grounds*, 887 So. 2d 1089 (Fla. 2004).

Assuming for purposes of this opinion that the statute violated the First Amendment, the statute was not improperly enacted. Instead, it was a legally enacted statute whose provisions violate the Constitution. As a result, the judgment would have been voidable. Because Rule 1.540(b) allows a court to vacate only void judgments, the court erred in vacating the consent judgments on this basis.

### *Conclusion*

The defendants agreed to the consent judgments. This precluded the due process challenges they raised to events that occurred before they consented to judgment. As a result, we reverse the court's order vacating the consent judgments and remand with instructions to reinstate them.

*Reversed and remanded.*

GERBER, C.J., and GROSS, J., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**