J-S20003-22

2022 PA Super 200

| | | |
|---|---|---|
| ANGELA MARIE BARRETT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| M&B MEDICAL BILLING, INC. AND | : | No. 1442 WDA 2021 |
| SANDRA CASEY | : | |

Appeal from the Judgment Entered January 18, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  No. GD-17-005863

BEFORE:  NICHOLS, J., MURRAY, J., and KING, J.

OPINION BY NICHOLS, J.:                    **FILED: NOVEMBER 22, 2022**

Appellant Angela Marie Barrett appeals from the judgment awarding her $1,000 in damages.  Appellant argues that the trial court erred by allowing co-Appellee Sandra Casey (Casey), who is not an attorney, to represent co-Appellee M&B Medical Billing, Inc. (M&B) at trial and to present evidence that was not relevant to damages.  Appellant also claims that the trial court's damages award is against the weight of the evidence.  We affirm in part, vacate in part, and remand for a new trial as to damages.

The trial court summarized the factual and procedural history as follows:

Appellant . . . filed a complaint against her former employers, [M&B and Casey].  The complaint alleges that Appellees committed defamation [*per se*], intentional infliction of emotional distress, [tortious] interference with contractual relationships and demanded both compensatory and punitive damages.  [Appellant] claimed that she had been employed as a medical coder for

Appellees until December of 2015. After several of her paychecks were late, she tendered her resignation on December 26, 2015.

[Appellant's] claim is that . . . [a] prospective employer, UPMC, sent a request for information to Appellees concerning [Appellant's] former employment with them, in order to determine whether [Appellant] would be a suitable and prospective employee of UPMC.

Appellees returned UPMC's requested response, which included a statement that [Appellant] took proprietary client information with her, and disclosed that [information. Also, Appellee stated that] contrary to [Appellant's] representations to UPMC, [Appellant's] position with [Appellees] was merely as a data analyst clerk and not a medical coder.

Thus, [Appellees] filed an answer and new matter and counterclaim, denying [Appellant's] allegations and noting that [Appellant] violated her employment contract by her use of proprietary information, when she contacted Appellee[s'] clients, to solicit them for letters of recommendation for her job search. Appellees informed UPMC and answered that [Appellant] was not employed as a medical coder by the [Appellees], as her complaint represented.

. . . Counsel for Appellee[s later] withdrew from representing [Appellees] and [after that withdrawal, Appellees] failed to respond to [Appellant's] discovery [requests]. The Honorable Robert J. Colville awarded [Appellant] $1,000.00, for sanctions and granted a default verdict in favor of [Appellant on April 29, 2019]. Thus, Appellees were prevented from putting on a defense at the time of this damages only trial.

Trial Ct. Op., 2/24/22, at 1-2 (unpaginated) (formatting altered).

The trial court held a non-jury trial limited to damages only on November 3, 2021. Casey appeared for trial and stated that she was representing both herself and M&B. N.T. Trial at 3. Appellant's counsel objected to Casey's representation of M&B because a corporation must be represented by counsel. *Id.* at 3-4. The trial court replied: "We'll just start

the [trial] and see where we go."[1]  *Id.* at 4.  At no point during the trial did the trial court instruct Casey that she could only represent herself and not the corporation.  During the trial, Casey cross-examined Appellant and testified on her own behalf as part of Appellees' case.  *Id.* at 25-63, 65-68.

That same day, the trial court entered a verdict in favor of Appellant in the amount of $1,000.  Appellant filed a timely post-trial motion[2] on November 10, 2021, requesting that the trial court reassess the damages or, in the alternative, award Appellant a new trial.  In her post-trial motion, Appellant argued, among other things, that the trial court erred in allowing Casey to represent M&B because a corporation may appear in court only through counsel.  On November 18, 2021, the trial court denied Appellant's post-trial motion.

Appellant filed a notice of appeal on December 2, 2021.[3]  Appellant subsequently filed a court-ordered Pa.R.A.P. 1925(b) statement and the trial

---

[1] We note that the trial court asked the parties to attempt to negotiate a settlement, and the trial commenced after the parties represented to the trial court that they were unable to settle this matter.  N.T. Trial at 4, 12-15.

[2] Appellant captioned her motion as a "motion for reconsideration."  However, a motion captioned as a motion for reconsideration that is filed within the ten-day period set forth in Pa.R.C.P. 227.1(c) and seeks to modify the trial court's decision may be treated as a timely-filed post-trial motion.  *See Gemini Equip. Company v. Pennsy Supply, Inc.*, 595 A.2d 1211, 1214 (Pa. Super. 1991).

[3] According to the notice of appeal, Appellant purports to appeal from the trial court's November 3, 2021 verdict.  Additionally, Appellant filed her notice of appeal prior to the entry of judgment on that verdict.  Generally, an appeal to
*(Footnote Continued Next Page)*

- 3 -

court issued an opinion addressing Appellant's claims that it erred by considering evidence related to liability at a trial limited to damages, reducing Appellant's damages against M&B, and that its damages award was against the weight of the evidence. *See* Trial Ct. Op. at 3-5 (unpaginated).

Appellant raises the following issues for our review, which we restate as follows:

1. Whether the trial court erred by allowing co-Appellee Sandra Casey, acting *pro se*, to represent the interests of co-Appellee M&B, at trial?

2. Whether the trial court erred by allowing co-Appellee Sandra Casey to introduce liability evidence at the trial limited to damages?

3. Whether the trial court erred by reducing damages against co-Appellee M&B when it was not represented by counsel at trial?

4. Whether the trial court's damages award was against the weight of properly admitted evidence?

Appellant's Brief at 5 (formatting altered).

_____

this Court properly lies from the entry of judgment. *See, e.g.*, *Mackall v. Fleegle*, 801 A.2d 577, 580 (Pa. Super. 2002). Nevertheless, a final judgment entered during the pendency of an appeal is sufficient to perfect appellate jurisdiction. *See Drum v. Shaull Equip. and Supply Co.*, 787 A.2d 1050, 1052 n.1 (Pa. Super. 2001).

On January 18, 2018, this Court issued a rule to show cause directing Appellant's counsel to enter judgment on the trial court docket and provide a copy to this Court. Appellant filed a response on February 1, 2022, indicating that she had complied. Because the trial court entered final judgment on January 18, 2022, Appellant's notice of appeal relates forward to January 18, 2022. *See* Pa.R.A.P. 905(a)(5) (stating that a notice of appeal filed after a court's determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof). Therefore, we have jurisdiction to consider the instant appeal.

- 4 -

In her first issue, Appellant argues that the trial court erred in allowing co-Appellee Casey, who is not a licensed attorney, to represent co-Appellee M&B at trial. *Id.* at 11-12. Appellant contends that Pennsylvania law prohibits an officer of a corporation, who is not licensed to practice law, from representing that corporation in legal proceedings. *Id.* at 11-12 (citing, *inter alia*, ***Walacavage v. Excell 2000, Inc.***, 480 A.2d 281, 284-85 (Pa. Super. 1984)).

In reviewing Appellant's claim, we are guided by the following principles:

> Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, where the issue concerns a question of law, our scope of review is plenary.
>
> The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.

***Bank of N.Y. Mellon v. Bach***, 159 A.3d 16, 19 (Pa. Super. 2017) (***Bach***) (citation omitted).

The following standard of review applies to our review of the trial court's denial of a motion for a new trial:

> We will reverse a trial court's decision to deny a motion for a new trial only if the trial court abused its discretion. We must review the court's alleged mistake and determine whether the court erred

- 5 -

and, if so, whether the error resulted in prejudice necessitating a new trial. If the alleged mistake concerned an error of law, we will scrutinize for legal error. Once we determine whether an error occurred, we must then determine whether the trial court abused its discretion in ruling on the request for a new trial.

***Carlini v. Glenn O. Hawbaker, Inc.***, 219 A.3d 629, 643 (Pa. Super. 2019) (citation omitted).

Section 2501 of the Judicial Code guarantees an individual's right to self-representation in civil matters. ***See*** 42 Pa.C.S. § 2501(a) (stating that "[i]n all civil matters before any tribunal every litigant shall have a right to be heard, by himself and his counsel, or by either of them"); ***see also In re Lawrence Cty. Tax Claim Bureau***, 998 A.2d 675, 680 (Pa. Cmwlth. 2010) (discussing the right to self-representation).[4] However, it well settled that, with certain exceptions, non-attorneys may not represent other parties before Pennsylvania courts. ***See, e.g.***, ***Dauphin Cty. Bar Ass'n v. Mazzacaro***, 351 A.2d 229, 233-35 (Pa. 1976) (holding that a public adjuster may not represent accident victims in settlement negotiations against alleged tort-feasors or their insurers). Further, the unauthorized practice of law is prohibited and criminalized in Pennsylvania. ***See*** 42 Pa.C.S. § 2524(a).

Additionally, the Courts of this Commonwealth have held that artificial entities, such as corporations, may only appear in court through counsel. ***See, e.g.***, ***Skotnicki v. Ins. Dep't***, 146 A.3d 271, 284 (Pa. Cmwlth. 2016)

---

[4] Although decisions of the Commonwealth Court are not binding on this Court, they may provide persuasive authority. ***See Maryland Cas. Co. v. Odyssey Contracting Corp.***, 894 A.2d 750, 756 n.2 (Pa. Super. 2006).

(explaining that "corporations may not act *pro se* in court, and that non-attorneys may not represent them, regardless of the individual's status as the corporation's officer, director, shareholder[] or employee" (citations and footnote omitted)); ***Walacavage***, 480 A.2d at 283-85 (holding that a corporation may not appear in court and be represented by a corporate officer and shareholder who is not an attorney); ***accord Norman for Est. of Shearlds v. Temple Univ. Health Sys.***, 208 A.3d 1115, 1121 (Pa. Super. 2019) (concluding that a non-attorney administrator of an estate could not represent the estate *pro se*), *appeal denied*, 223 A.3d 668 (Pa. 2020), *cert. denied*, 141 S.Ct. 301 (2020).

Our Supreme Court recently held that a plaintiff who is not an attorney may litigate a wrongful death action *pro se* in their individual capacity, but that same *pro se* plaintiff may not represent the estate of the decedent as its administrator. ***Bisher v. Lehigh Valley Health Network***, 265 A.3d 383 (Pa. 2021). Additionally, in other jurisdictions, courts have held that while a corporate officer who has been sued in his or her personal capacity may proceed *pro se*, that officer cannot represent the interests of the co-defendant corporation if he or she is not an attorney.[5] ***See, e.g.***, ***Alexander & Baldwin, LLC v. Armitage***, 508 P.3d 832, 843-49 (Haw. 2022) (***Armitage***) (holding that an unincorporated entity, like a corporation, may not appear in court

---

[5] This Court may rely on the decisions of other states for persuasive authority. ***See Hill v. Slippery Rock Univ.***, 138 A.3d 673, 679 n.3 (Pa. Super. 2016) (noting that "the decisions of other states are not binding authority for this Court, although they may be persuasive" (citation omitted)).

through non-attorney agents); *Flathead Bank of Bigfork v. Masonry by Muller, Inc.*, 383 P.3d 215, 219 (Mont. 2016) (*Flathead Bank*) (affirming the trial court's conclusion that corporation's president "could only represent himself personally and could not appear on behalf of [the corporation]"); *Office of Attorney Gen., Dep't of Legal Affairs v. Nationwide Pools, Inc.*, 270 So.3d 406, 408 n.1 (Fla. Dist. Ct. App. 2019) (*Nationwide Pools*) (noting that "[u]nlike the corporate defendants, an individual may defend himself or herself without an attorney").

Our courts have the authority to *sua sponte* intervene to prevent the unauthorized practice of law. *Bisher*, 265 A.3d at 406; *accord Armitage*, 508 P.3d at 844. In *Bisher*, our Supreme Court held that the unauthorized practice of law is a curable defect. *See Bisher*, 265 A.3d at 403-07.

Further, the *Bisher* Court explained:

> Significantly, we stress that we decide **only** that the court has the discretion to permit a remedy in . . . situations [involving the unauthorized practice of law], not that it must do so. The default position in such cases should be that the offending party should be given a "reasonable opportunity" to cure. But we are not convinced that the rule is absolute. . . . [T]here may be cases in which the unauthorized practice of law is an attempt to game the system.

*Bisher*, 265 A.3d at 409; *see also id.* at 406 (affirming this Court's decision to order the *pro se* administrator to retain counsel on behalf of the appellant estate in order to proceed with the appeal).

Likewise, in *Armitage*, the Supreme Court of Hawaii reversed a judgment against an unincorporated entity known as the "Reinstated Hawaiian

Nation" because the trial court allowed two non-attorney agents of that entity, one of whom was a co-defendant sued in his personal capacity, to represent the entity before the trial court. ***Armitage***, 508 P.3d at 838-40. The ***Armitage*** Court explained that

> [a]s an unincorporated entity, the Reinstated Hawaiian Nation may only appear in court through an attorney representative. [The agents], as non-attorneys, should not have been allowed to represent its interests before the [trial] court. The [trial] court should have *sua sponte* exercised its power to prevent the unauthorized practice of law by preventing [the agents] from representing the Reinstated Hawaiian Nation.
>
> *   *   *
>
> [W]hen confronted with an attempt by a layperson to represent an entity, the court should continue the proceedings to allow the entity to obtain counsel; if the entity fails to do so within a reasonable period, the court should enter a default or take other remedial action.

***Armitage***, 508 P.3d at 843-44 (citation omitted).

The Supreme Court of Hawaii also concluded that the unauthorized practice of law on behalf of an entity is a curable defect in the proceedings. ***Id.*** at 845-48 (citing, *inter alia*, ***Bisher***, 265 A.3d at 408-10). With respect to the Reinstated Hawaiian Nation, the ***Armitage*** Court concluded that while the unauthorized practice of law "was apparently unwitting, the pervasiveness of the representation, and the policy goals behind [the prohibition against the unauthorized practice of law] require vacatur here." ***Id.*** at 848.

Here, the trial court did not address Casey's unauthorized practice of law on behalf of M&B in its Rule 1925(a) opinion.

Based on our review of the record, we conclude that the trial court erred in allowing Casey to represent M&B. **See Bach**, 159 A.3d at 19. Although Casey has the right to proceed *pro se* with respect to the claims against her in her individual capacity, she could not represent M&B at trial because she is not an attorney. **See Skotnicki**, 146 A.3d at 284; **Walacavage**, 480 A.2d at 283-85; **accord Armitage**, 508 P.3d at 843-49; **Flathead Bank**, 383 P.3d at 219; **Nationwide Pools**, 270 So.3d at 408 n.1.

Further, we conclude the trial court abused its discretion by denying Appellant's motion for a new trial. **See Carlini**, 219 A.3d at 643. Casey represented M&B throughout the trial, and repeatedly raised liability issues during a trial limited to damages over objections from Appellant's counsel. **See** N.T. Trial at 11, 12, 28, 29, 31, 54, 65-67. Further, the trial court awarded only nominal damages against M&B. **See** Trial Ct. Op. at 4-5 (unpaginated). For this reason, we conclude that Casey's unauthorized practice of law resulted in prejudice necessitating a new trial. **See Carlini**, 219 A.3d at 643; **accord Armitage**, 508 P.3d at 848 (reversing judgement against unincorporated entity where unauthorized practice of law by its agents was pervasive and reversal served the policy goals of prohibiting the unauthorized practice of law).

Therefore, we vacate the judgment entered on the verdict with respect to damages and remand this matter for a new trial limited to damages.[6] The trial court shall provide M&B a reasonable time period to obtain counsel. ***See Bisher***, 265 A.3d at 409; ***accord Armitage***, 508 P.3d at 843-44. However, if M&B fails to obtain counsel in a reasonable time, the trial court may proceed to trial in the absence of M&B. ***See, e.g.***, ***Dublin Sportswear v. Charlett***, 403 A.2d 568, 571 (Pa. 1979) (holding that pursuant to Pa.R.C.P. 218, a trial may be held in the absence of the defendant if the defendant is absent without satisfactory excuse); ***accord Armitage***, 508 P.3d at 844 (noting that default could be entered against a corporation that failed to retain counsel within a reasonable period). In light of our disposition, we need not address Appellant's remaining issues.

Judgment affirmed in part and vacated in part. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2022

---

[6] We stress that our ruling is limited to Casey's representation of the corporation and nothing in our decision prevents Casey from proceeding *pro se* at the new trial if she so chooses. ***See*** 42 Pa.C.S. § 2501(a); ***Lawrence Cty. Tax Claim Bureau***, 998 A.2d at 680.

- 11 -