J-S08031-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| PREMIUM MANAGEMENT, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOBACCO OUTLET MINIMART 1, INC. | : | |
| D/B/A UNI-MART | : | |
| | : | No. 1163 MDA 2022 |
| Appellant | : | |

Appeal from the Judgment Entered September 13, 2022
In the Court of Common Pleas of Lycoming County Civil Division at
No(s):  CV-2020-00854-CV

BEFORE:   OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: JUNE 1, 2023**

Appellant, Tobacco Outlet Minimart 1, Inc. d/b/a Uni-Mart (Defendant), appeals from a judgment entered against it following a nonjury trial in a breach of contract action brought by Premium Management, LLC (Plaintiff). For the reasons set forth below, we affirm.

On August 26, 2020, Plaintiff filed this action against FN Mart, Inc. d/b/a Uni-Mart (FN) and Mantu Sah, the owner and president of Defendant.  Plaintiff filed an amended complaint against FN, Sah, and Defendant on November 2, 2020, and FN and Sah were subsequently dismissed as defendants on a joint motion of Plaintiff and Defendant.

_____

[*] Retired Senior Judge assigned to the Superior Court.

In its amended complaint, Plaintiff alleged that it and Defendant signed a written contract on March 16, 2019 for placement of electronic skill games in Defendant's Uni-Mart store in McSherrystown, Pennsylvania for a period of three years, with revenues from the games to be divided between Plaintiff and Defendant. Amended Complaint ¶¶6-12.[1] This contract provided that in the event of a breach by Defendant, Plaintiff would be entitled to recover as liquidated damages its share of average weekly revenues from the games multiplied by the number of remaining weeks of the contract's three-year term and its costs and attorney fees in any action to enforce the contract. *Id.* ¶¶18, 21. Plaintiff alleged that from March 16, 2019 to June 4, 2020, Defendant had Plaintiff's games at its Uni-Mart store and Plaintiff and Defendant divided the revenue from the games in accordance with the contract, but that Defendant removed the games from its store on June 4, 2020 and replaced them with coin-operated machines supplied by persons other than Plaintiff. *Id.* ¶¶13-16. Plaintiff alleged that the removal of its games before the expiration of the contract's three-year term was a breach of the contract and sought the liquidated damages, costs, and attorney fees provided by the contract. *Id.* ¶¶17-19, 23-24.

---

[1] Although Defendant's store was not in Lycoming County, the action was brought in Lycoming County because the contract had a forum selection clause providing that the Court of Common Pleas of Lycoming County had exclusive jurisdiction over any claims or lawsuits regarding the contract. 3/16/19 Contract ¶12(e); N.T. Trial at 11.

Defendant, represented by counsel, filed an answer and new matter in which it admitted that it entered into a contract with Plaintiff on March 16, 2019 under which it agreed to place Plaintiff's electronic skill games in its Uni-Mart store in exchange for receiving 60% of the revenues from the games, with Plaintiff to receive 40% of the revenues. Answer and New Matter ¶¶6-7. Defendant admitted in this answer that it removed the games, but alleged that it did so because Plaintiff breached the contract by unilaterally attempting to change the revenue split to 50-50. *Id.* ¶¶6, 13-16. Neither party demanded a jury trial.

The trial court entered a scheduling order requiring completion of discovery by May 11, 2021, scheduling the final pretrial conference for December 6, 2021, and ordering that the case would be tried in the January-February 2022 trial term. Trial Court Order, 2/1/21. On November 12, 2021, counsel for Defendant moved to withdraw on the ground that Defendant was not paying his fees, and the court granted counsel's motion to withdraw on December 6, 2021. Motion to Withdraw as Counsel; Trial Court Order, 12/6/21. On December 20, 2021, the trial court entered a scheduling order setting the trial date for February 7, 2022. Trial Court Order, 12/20/21.

The case was tried to the court without a jury on February 7, 2022. Defendant did not retain new counsel before the case came to trial and the only individual who appeared for or on behalf of Defendant at trial was Sah. N.T. Trial at 3-6. Although neither Sah nor Defendant had requested an

interpreter in advance of trial, because Sah's native language was Hindi and he expressed some difficulty fully understanding English, the trial court obtained a Hindi interpreter who connected to the proceedings by telephone and translated the proceedings and Sah's questions and answers for him. *Id.* at 8-17. Plaintiff called two witnesses, its representative who negotiated and signed the written contract and Sah, who signed the written contract on behalf of Defendant. *Id.* at 22-60. The trial court permitted Sah to cross-examine Plaintiff's representative and to testify himself. *Id.* at 46-54, 61-65, 70-71, 74-77. Following the testimony, the trial court entered a verdict in favor of Plaintiff and against Defendant in the amount of $88,847.37, consisting of $73,807.32 in liquidated damages, $13,455.00 in attorney fees, and $1,585.05 in costs. *Id.* at 77, 79; Trial Court Order, 2/7/22.

On February 17, 2022, Defendant, represented by new counsel that it retained after the trial, filed a timely motion for post-trial relief in which it asserted, *inter alia*, 1) that the trial court erred in finding that there was a valid contract because the evidence was insufficient to show that there was a meeting of the minds and 2) that the trial court erred in proceeding with the trial when Defendant was not represented by counsel because a corporation can appear in court only through an attorney. On July 22, 2022, the trial court denied Defendant's motion for post-trial relief. Trial Court Opinion and Order, 7/22/22. Judgment was entered on September 13, 2022 in favor of Plaintiff

and against Defendant in the amount of $88,847.37. Defendant, represented by a third, different lawyer, timely appealed from this judgment.[2]

In this appeal, Defendant raises two issues for our review: 1) whether it is entitled to a new trial because it was represented at trial only by Sah, an officer of the corporation who is not an attorney; and 2) whether it is entitled to judgment in its favor because there was no meeting of the minds and therefore was no valid contract between Plaintiff and Defendant. Appellant's Brief at 8. Neither of these issues merits relief.

We review Defendant's first claim under the following standard:

> We will reverse a trial court's decision to deny a motion for a new trial only if the trial court abused its discretion. We must review the court's alleged mistake and determine whether the court erred and, if so, whether the error resulted in prejudice necessitating a new trial.

*Barrett v. M&B Medical Billing, Inc.*, 291 A.3d 371, 375 (Pa. Super. 2022) (quoting *Carlini v. Glenn O. Hawbaker, Inc.*, 219 A.3d 629 (Pa. Super. 2019)). This claim fails because the error of which Defendant complains as a matter of law does not constitute a ground for relief for a party in Defendant's position and did not prejudice it.

---

[2] Appellant filed its appeal prematurely on August 22, 2022, before any judgment had been entered. Because judgment was entered on September 13, 2022, Appellants' appeal is timely and is properly before us. Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof"); *Barrett v. M&B Medical Billing, Inc.*, 291 A.3d 371, 374 n.3 (Pa. Super. 2022).

Defendant is correct that a corporation generally cannot appear in court *pro se* or be represented by a non-lawyer officer or representative. ***Phoenix Mutual Life Insurance Co. v. Radcliffe on the Delaware, Inc.***, 266 A.2d 698, 701 (Pa. 1970); ***Barrett***, 291 A.3d at 376; ***Walacavage v. Excell 2000, Inc.***, 480 A.2d 281, 284-85 (Pa. Super. 1984). Filings on behalf of a corporation by a non-lawyer representative may therefore properly be stricken. ***Walacavage***, 480 A.2d at 283-84. In addition, where a corporation appeared without counsel and a non-lawyer represented the corporation at a trial or hearing, the opposing party may challenge the judgment. ***Barrett***, 291 A.3d at 377-78 (plaintiff entitled to new trial where non-lawyer representative of defendant corporation cross-examined plaintiff and raised issues at trial on behalf of corporation).

The rule that a corporation cannot be represented by a non-lawyer, however, does not provide grounds for a corporation to set aside an adverse civil judgment from a trial where it chose to appear without counsel. ***Phoenix Mutual Life Insurance Co.***, 266 A.2d at 701-02. In ***Phoenix Mutual Life Insurance Co.***, a corporation was represented at the trial of a mortgage foreclosure action by a non-lawyer officer who was one of its three stockholders, after its prior counsel had been permitted to withdraw approximately two months earlier for non-payment of fees and the corporation had not retained new counsel before the trial. ***Id.*** at 699-700. Our Supreme Court held that under those circumstances, the corporation was not entitled

to relief from the judgment against it. *Id.* at 701-02. The Court ruled that although a corporation can usually only be represented by a lawyer, proceeding with trial despite the defendant corporation's lack of legal representation was proper because the corporation had sufficient time to retain counsel and that the corporation therefore "will not be permitted to complain that the court erred in permitting [the non-lawyer officer] to provide it with some representation." *Id.* The Court noted that permitting the corporation to defer trial and challenge the judgment on this basis would mean that a corporation that fails to pay its obligations could "avoid or postpone a [judgment against it] by failing to pay its lawyers." *Id.* at 701.

That is the situation here. This case is a civil case for breach of contract in which Plaintiff sought a money judgment against Defendant. Defendant was not represented by counsel at trial because its counsel had been permitted to withdraw as a result of Defendant's failure to pay for his services. Defendant had two months to retain new counsel between December 6, 2021, when counsel was permitted to withdraw, and the February 7, 2022 trial. No new counsel, however, had entered any appearance for Defendant as of the date of trial, and there is nothing in the record indicating that Defendant made any effort before trial to hire any attorney other than the attorney who had withdrawn from the case. N.T. Trial at 4-6. Defendant, having failed to retain counsel despite adequate opportunity to do so, therefore cannot seek relief on

the ground that it was represented by a non-lawyer at the trial. ***Phoenix Mutual Life Insurance Co.***, 266 A.2d at 702.

In any event, Defendant has not shown that permitting its non-lawyer officer Sah to represent it at trial caused it prejudice. Because Defendant had already had adequate time to obtain counsel and failed to do so, enforcement of the requirement that a corporation can be represented only by an attorney would not have provided Defendant with any legal representation at the trial or additional delay to obtain counsel. Instead, enforcement of this rule would have only resulted in precluding Defendant from cross-examining Plaintiff's representative, challenging Plaintiff's case, and presenting its own case. ***Barrett***, 291 A.3d at 378; ***Walacavage***, 480 A.2d at 283.

Defendant does not point to anything in Sah's representation that brought out evidence adverse to it. The evidence from Sah and Defendant that supported the trial court's verdict was in Sah's direct testimony as a witness called by Plaintiff and an admission from Defendant's answer, when it was represented by counsel, that was introduced by Plaintiff. N.T. Trial at 57-61. That evidence would have come in even if Sah did not represent Defendant at trial. Rather, Defendant argues only that Sah did not examine witnesses or present Defendant's case as well as an attorney would have. Appellant's Brief at 15-16. Because enforcement of the requirement that only an attorney could represent Defendant would have prevented Defendant from participating in the trial altogether, rather than resulting in representation by

counsel, and Defendant has not shown that Sah's representation made its case worse than it would have been with no participation by Defendant as an entity at all, the trial court correctly concluded that Defendant was not prejudiced by its decision to permit Sah to represent it. *See* Trial Court Opinion and Order, 7/22/22, at 2; Trial Court Opinion, 10/14/22, at 6-7.

Defendant's remaining claim asserts that the evidence was insufficient to support the trial court's breach of contract verdict against it.

> Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law.

*Barrett*, 291 A.3d at 375 (quoting *Bank of New York Mellon v. Bach*, 159 A.3d 16 (Pa. Super. 2017)).

To obtain a judgment for breach of contract, Plaintiff was required to prove the following elements: (1) the existence of a contract, including its essential terms, (2) that the defendant breached a duty imposed by the contract, and (3) resultant damages. *McCausland v. Wagner*, 78 A.3d 1093, 1101 (Pa. Super. 2013); *Hart v. Arnold*, 884 A.2d 316, 332 (Pa. Super. 2005). The only element of breach of contract that Defendant claims that the evidence does not support is the existence of the contract and its terms.

Defendant's claim that Plaintiff did not prove the contract between it and Plaintiff and the terms of that contract is without merit. At trial, Plaintiff introduced evidence that Defendant agreed to a contract on March 16, 2019, under which Plaintiff's games were placed in its store for three years in exchange for 60% of the revenues from the games, with Plaintiff to receive 40% of the revenues, and that the contract provided for liquidated damages consisting of Plaintiff's share of average weekly revenues multiplied by the number of weeks remaining in the contract term in the event that Defendant removed the Plaintiff's games from the store during the contract term and also provided for attorney fees. N.T. Trial at 23-35, 38-39, 57-58; 3/16/19 Contract. The trial court found this testimony credible. Trial Court Opinion, 10/14/22, at 3-4.

Defendant argues that agreement on the terms of the contract was not proven because there were two contract documents, the March 16, 2019 contract and an April 11, 2019 document, whose terms were not the same. This claim fails, however, because the evidence at trial showed that the only contract document to which Plaintiff and Defendant agreed was the March 16, 2019 contract. Plaintiff's representative testified that both parties signed the March 16, 2019 contract and that April 11, 2019 document was never signed or agreed to by the parties. N.T. Trial at 26-29, 49-50. Sah testified that he signed the March 16, 2019 contract and had authority to sign contracts for Defendant, and Defendant in its answer to Plaintiff's complaint admitted that

Sah signed the March 16, 2019 contract on its behalf and that Sah did not sign the April 11, 2019 document. *Id.* at 57-58; Answer and New Matter ¶7.

For the foregoing reasons, we conclude that neither of Defendant's claims of error merit relief. Accordingly, affirm the trial court's judgment in favor of Plaintiff.

Judgment affirmed.

Judge McCaffery joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/01/2023