J-S01045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TREVOR J. & ALICIA STRYKER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON L. HARLAN | : | |
| | : | |
| Appellant | : | No. 882 MDA 2024 |

Appeal from the Judgment Entered June 5, 2024
In the Court of Common Pleas of Lycoming County Civil Division at
No(s): CV-2023-00845-CV

BEFORE:   NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:           **FILED: FEBRUARY 11, 2025**

Appellant, Brandon L. Harlan, appeals from the judgment entered in the Court of Common Pleas of Lycoming County following a non-jury trial in which the trial court ruled in favor of Appellees, Trevor J. and Alicia Stryker, and against Appellant in this landlord-tenant matter. After a careful review, we affirm.

The relevant facts and procedural history are as follows: Rickie A. Stryker was the owner of property on Elmo Drive in Cogan Station, Pennsylvania. He leased the property to Appellant, and the lease agreement provided for an initial term of January 1, 2015, to January 31, 2015, with automatic renewal on a month-to-month basis "unless notice is given to

_____

[*] Former Justice specially assigned to the Superior Court.

terminate [the] lease by either party." Appellees' Complaint, filed 8/4/23, at 1. The lease agreement specifically provided that "[t]he lease shall renew itself automatically from month to month unless either party provides for a 30-day written notice." *Id.* at 2. Moreover, the lease agreement provided that, "[i]f the lease is not renewed, Tenant agrees to move from the property by the last day this lease is in effect with no advance notice from the Landlord." *Id.*

On April 24, 2023, Rickie A. Stryker conveyed the Elmo Drive property to Appellees. He also contemporaneously assigned the leases and rents to Appellees, who served a notice on Appellant terminating the lease effective June 30, 2023. However, Appellant failed to vacate or surrender the premises.

On August 4, 2023, Appellees filed a complaint against Appellant. Therein, Appellees averred they provided Appellant with more than thirty days' notice of termination of the lease; however, Appellant failed to vacate the property. They further averred that, since April 24, 2023, Appellant has failed to pay the monthly rent. Thus, in Count 1, they sought exclusive possession of the property with an order that Appellant vacate the property immediately due to breach of the lease agreement. In Count 2, they sought unpaid rent due to Appellant's breach of the lease agreement.

On August 23, 2023, Appellant executed and filed an "entry of appearance of self-represented party pursuant to Pa.R.C.P. No. 1930.8."[1] Therein, Appellant indicated he was representing himself in the above-captioned matter. On August 29, 2023, Appellant filed a *pro se* answer with new matter. Appellant averred he has lived on the property throughout his adult life, he has taken care of it, and he has paid taxes on it. He further averred Rickie A. Stryker verbally promised to sell him the property for $1.00; however, Rickie A. Stryker then conveyed it to Appellees. He alternatively averred his grandmother, Judith Stryker, gave him the property.

Appellant admitted Appellees served notice of termination on him; however, Rickie A. Stryker (the original landlord) failed to do so. He indicated he did not make rent payments because he did not know Rickie A. Stryker had transferred the property to Appellees. He averred the transfer of the lease from Rickie A. Stryker to Appellees was invalid.

On September 8, 2023, Appellees filed a reply to Appellant's new matter. By order entered on October 2, 2023, the trial court provided notice to Appellees' counsel and Appellant, who was still *pro se*, that a hearing on a scheduling conference would be held on October 12, 2023.

---

[1] We note Pa.R.C.P. 1930.8, pertaining to self-represented parties, is included in the Rules of Civil Procedure in the subsection "Rules Relating to Domestic Relations Matters Generally."

Thereafter, both parties appeared for the October 12, 2023, scheduling conference hearing with legal representation. Relevantly, Appellant appeared with Andrea Pulizzi, Esquire, as his attorney. Following the October 12, 2023, scheduling conference hearing, the trial court entered the following written order (verbatim):

> AND NOW, this 12th day of October 2023, at the time set for a scheduling conference in this matter, both parties appeared, with counsel. Based upon the discussion with counsel for both parties, it is hereby Ordered and directed as follows:
>
> 1. Plaintiffs are granted leave of Court to file an amended complaint **on or before October 20, 2023.**
>
> 2. Defendant shall file a responsive pleading to the Amended Complaint, pursuant to the applicable Pennsylvania Rules of Civil Procedure, within twenty (20) days after service.
>
> 3. Because both counsel indicated that they do not anticipate much discovery, this matter is hereby scheduled for a non-jury trial on **December 15, 2023, at 1:30 PM in Courtroom 5 of the Lycoming County Courthouse. The parties and their witnesses are directed to attend, at that date and time.**

Trial Court Order, filed 10/12/23, at 1 (bold in original). The written order was served on Appellant's and Appellees' respective attorneys. Specifically, as it relates to Appellant, the order was served on Attorney Pulizzi.

On October 16, 2023, Appellees filed an amended complaint, which was substantially similar to their original complaint. In the amended complaint, Appellees added averments indicating they attached an unexecuted copy of the lease to their original complaint because the fully executed lease was in the possession of Appellant.

- 4 -

On November 2, 2023, Attorney Pulizzi formally entered her appearance of behalf of Appellant. On December 1, 2023, Attorney Pulizzi filed a praecipe indicating "[k]indly withdraw my appearance as counsel on behalf of [Appellant] in the above-captioned action as he will be proceeding *pro se*." Praecipe, filed 12/1/23. On December 5, 2023, Appellant filed an "entry of appearance of self-represented party pursuant to Pa.R.C.P. No. 1930.8" indicating he was proceeding *pro se* in this action and specifically requesting the removal/withdrawal of Attorney Pulizzi. Appellant provided the trial court with his address for any future notices.

On December 13, 2023, Appellant filed a *pro se* document purporting to be an answer to Appellees' amended complaint. On December 15, 2023, the trial court held a non-jury trial at which Appellees appeared with their counsel. Appellant failed to appear. Relevantly, during the non-jury trial, the trial court took judicial notice of the deed from Rickie A. Stryker to Appellees for the Elmo Drive property. N.T., 12/15/23, at 6. Moreover, the trial court admitted the December 17, 2014, lease agreement between Appellant and Rickie A. Stryker. ***Id.*** Appellees offered into evidence a Notice to Quit, which Appellee Alicia Stryker testified was served on Appellant by sheriffs on May 4, 2023. ***Id.*** at 14. Ms. Stryker testified that, under the terms of the lease agreement, Appellant was required to vacate the premises by June 30, 2023, which was more than thirty days after notice was provided to Appellant. ***Id.*** at 15.

However, as of the date of the non-jury trial, Appellant had not vacated the premises. *Id.* at 16.

Ms. Stryker testified Appellant had been paying $150.00 per month for rent; however, at some point, he quit paying rent. *Id.* at 19. Ms. Stryker testified Appellees' main concern was securing exclusive possession of the property as opposed to getting monetary damages for rent from Appellant. *Id.* at 20.

On December 18, 2023, the trial court entered an order holding Appellees established by a preponderance of the evidence that they are entitled to a judgment in their favor and against Appellant for possession of the premises. Further, the trial court found Appellees established by a preponderance of the evidence that they are entitled to monetary damages due to Appellant's unpaid rent of $150.00 per month since April 24, 2023. The trial court indicated judgment was entered in favor of Appellees and against Appellant.

Moreover, in the December 18, 2023, order, the trial court specifically noted Appellees appeared with counsel while Appellant did not appear for the non-jury trial on December 15, 2023. The trial court noted Appellant appeared in person and with counsel at the hearing for the scheduling conference on October 12, 2023, and during this hearing, the trial court announced in open court, on the record, and in the presence of both parties that the non-jury trial

was set for December 15, 2023. Notice of the December 18, 2023, order was provided to Appellant at his address on file.

In a *pro se* filing dated December 27, 2023, Appellant notified the trial court that he had not been advised by the court of the December 15, 2023, non-jury trial. On that same date, Appellant filed a notice of appeal with this Court.[2] By order entered on April 15, 2024, this Court *sua sponte* quashed Appellant's appeal. In so doing, we noted Appellant sought to appeal from an order, which simultaneously announced the non-jury verdict and purported to enter judgment prior to the expiration of the ten-day post-trial motions period. Accordingly, we found the appeal was premature, and we directed that Appellant shall have ten days from the filing of our order to file post-trial motions.

On April 23, 2024, Appellant, with the assistance of new counsel, R. Thom Rosamilia, Esquire, filed a post-trial motion seeking a new trial to "correct the manifest injustice brought about by the improper withdrawal of [Attorney Pulizzi] on the eve of trial." Appellant's Post-Trial Motion, filed 4/23/24, at 4. Therein, Appellant averred Attorney Pulizzi's praecipe to

---

[2] While the matter was pending before this Court, the sheriff served Appellant with an eviction notice. Appellant filed a petition for a stay, which the trial court granted. As further discussed *infra*, after the trial court denied Appellant's post-trial motions, the stay was lifted. On June 11, 2024, the sheriff served Appellant with a notice of eviction. The sheriff's service return form indicates Appellant left the residence, Appellees changed the locks, and Appellees were given exclusive possession.

withdraw her representation did not follow the mandates of the Pennsylvania Rules of Professional Conduct or the Pennsylvania Rules of Civil Procedure since she did not seek leave of court. Appellant averred no alternate counsel entered an appearance before or simultaneously with said withdrawal. *Id.* at 3. Appellant alleged that Attorney Pulizzi's improper withdrawal produced a "manifest unfairness in connection with the December 15, 2023, non-jury trial[.]" *Id.*

Appellant specifically alleged Attorney Pulizzi never advised him of the December 15, 2023, non-jury trial date. *Id.* He noted that, after Attorney Pulizzi improperly withdrew her representation, he went to Attorney Pulizzi's office; however, he was informed that she could no longer assist him. Accordingly, Appellant requested a new trial to correct the "manifest injustice" in this case. *Id.* at 4.

Appellees filed an answer in opposition to Appellant's post-trial motion. Relevantly, Appellees noted Appellant was present in the courtroom on October 12, 2023, when the trial date of December 15, 2023, was announced in open court by the trial court. Appellees noted that, on December 5, 2023, Appellant filed a notice informing the trial court that he was going to proceed *pro se* and specifically requesting the removal/withdrawal of Attorney Pulizzi. Thus, Appellees averred Appellant had sufficient actual notice of the December 15, 2023, non-jury trial, Appellant provided no satisfactory excuse for failing

to appear, and, consequently, his failure to appear did not constitute a "manifest injustice" requiring a new trial.

By order entered on April 25, 2024, the trial court scheduled a hearing for May 24, 2024, to address Appellant's post-trial motion. The order indicated the hearing would be for the purposes of gathering facts relative to Appellant's post-trial motion. The order directed Appellant to appear.

Moreover, in a separate order entered on April 25, 2024, the trial court directed Attorney Pulizzi to provide the trial court with any written notices, which she provided to Appellant regarding the scheduling of the December 15, 2023, non-jury trial.

On May 1, 2024, Attorney Pulizzi provided the following response to the trial court's order (verbatim):

> This letter serves as a response to your Order of April 15, 2024, in the above referenced matter. Following is my response to your Order.
>
> [Appellant] and I were both present in the courtroom on October 12, 2023, when we were advised that the non-jury trial was scheduled for December 15, 2023. On December 1, 2023, I made contact with [Appellant] via telephone. During that conversation, it was agreed that I would no longer represent him and that he would proceed *pro se*. I verbally reminded him of the non-jury trial scheduled for December 15, 2023, during that telephone call. On December 1, 2023, I filed a praecipe withdrawing my appearance. On December 5, 2023, [Appellant] came to my office to pick up his file, which included the Order bearing the December 15, 2023, non-jury trial date. [Appellant] entered his appearance as a self-represented party on December 5, 2023, as well.
>
> There are no written notices to provide to the Court.

Attorney Pulizzi's Response, filed 5/1/24.

By order entered on May 2, 2024, the trial court acknowledged receipt of Attorney Pulizzi's response. The trial court indicated that "if any party seeks to introduce the testimony of Andrea Pulizzi, Esquire, at the hearing on [Appellant's] Motion for a New Hearing, that party should arrange to subpoena her for that hearing." Order filed 5/2/24, at 2. Moreover, the trial court directed Appellant to bring to the May 24, 2024, post-trial motion hearing the entire legal file provided to him by Attorney Pulizzi on December 5, 2023. *Id.*

Thereafter, on May 24, 2024, the trial court held an evidentiary hearing on Appellant's post-trial motion. Appellant was the sole testifying witness. Appellant confirmed he hired Attorney Pulizzi to represent him in the instant landlord-tenant matter. N.T., 5/24/24, at 6. Appellant testified Attorney Pulizzi attended "only one hearing" with him. *Id.* He indicated that, during the hearing, the trial court announced the parties would return in the "the middle of December;" however, Appellant was unaware that this would be for a trial. *Id.* at 7.

Appellant testified that, at some point after this hearing, Attorney Pulizzi contacted him via telephone and advised him she would no longer represent him. *Id.* Appellant averred that, during this telephone conversation, Attorney Pulizzi never informed him that a trial was scheduled for December 15, 2023. *Id.* On December 5, 2023, he went to Attorney Pulizzi's law office, and he retrieved his legal file from her. *Id.* at 8. Appellant averred that, in the days after he obtained the legal file, he sought to obtain alternate legal counsel,

but he was unable to do so. *Id.* at 9. Appellant averred he did not know the trial court had conducted a non-jury trial in December until he received a copy of the December 18, 2023, order on January 13 or 14, 2024.[3] *Id.*

Appellant indicated that, throughout her representation, Attorney Pulizzi did not send him any written correspondence, emails, or text messages. *Id.* at 9. He denied Attorney Pulizzi provided him with the date of the non-jury trial. *Id.* at 10.

On cross-examination, Appellant admitted that Attorney Pulizzi and he attended the October 12, 2023, scheduling conference hearing. *Id.* at 11. He admitted that, during this hearing in open court, the trial court indicated the parties would return in mid-December for a trial. *Id.* Appellant admitted that, although he knew the trial was to occur sometime before Christmas of 2023, he did not know the exact date and time. *Id.* at 12.

Appellant admitted that, on December 5, 2023, he went to the Prothonotary's Office. While he was at the Prothonotary's Office, he filed a form indicating he wished to proceed *pro se* and requested the removal of Attorney Pulizzi. *Id.* He made no inquires at this time about the date of the

---

[3] Contrary to Appellant's testimony, we note that, on December 27, 2023, Appellant filed a *pro se* motion in the trial court referencing his receipt of the trial court's December 18, 2023, order, and, additionally, on December 27, 2023, he filed an initial notice of appeal with this Court from the December 18, 2023, order.

- 11 -

non-jury trial. *Id.* at 13. He then went to Attorney Pulizzi's office to retrieve his legal file. *Id.*

At this point, the trial court asked Appellant questions about his knowledge of the December 15, 2023, non-jury trial date. During the trial court's questioning, Appellant admitted he was in the courtroom on October 12, 2023, for the scheduling conference hearing. *Id.* at 17. He admitted he was present when the trial court dictated in open court the October 12, 2023, order, which provided that the non-jury trial would be held on December 15, 2023, at 1:30 p.m. *Id.* However, Appellant indicated that, after the October 12, 2023, hearing, he forgot the date of trial. *Id.*

The trial court noted there is no dispute Attorney Pulizzi was sent a written copy of the October 12, 2023, order.[4] The trial court then asked Appellant if he had the legal file, which he picked up from Attorney Pulizzi's office on December 5, 2023. *Id.* at 18. Appellant confirmed he had the legal file with him, and the trial court asked Appellant, along with Attorney Rosamilia, to examine its contents. *Id.* at 19. Attorney Rosamilia located the October 12, 2023, scheduling order in the legal file. *Id.* The trial court asked Appellant to read the October 12, 2023, scheduling order into the record, and Appellant did so. *Id.* at 20. The scheduling order specifically provided the date, time, and location for the non-jury trial. *Id.*

_____

[4] As indicated *supra*, Attorney Pulizzi attended the October 12, 2023, hearing as Appellant's legal representative.

The trial court then asked Appellant the following relevant questions:

[THE COURT]: Now, do you agree with me, [Appellant], that you were in the courtroom when I dictated that order?

[APPELLANT]: Yes, sir.

[THE COURT]: And would you agree with me that the order was in Attorney Pulizzi's file when you picked it up on December 5th of 2023?

[APPELLANT]: I cannot agree with that because I did not see it.

[THE COURT]: Well, Attorney Rosamilia just took it out of the file.

[APPELLANT]: I understand that.

[THE COURT]: Would you agree with me that Attorney [Rosamilia] took it out of the file this morning?

[APPELLANT]: Yes.

[THE COURT]: Did anybody put any documents in that file after you picked [it] up from Attorney Pulizzi on December 5th of 2023?

[APPELLANT]: Not that I'm aware of.

*Id.* at 20-21.

Appellant testified that, although the October 12, 2023, scheduling order was apparently in the legal file he retrieved from Attorney Pulizzi on December 5, 2023, he was not aware of the written October 12, 2023, order. *Id.* at 21. In this vein, he averred that, although he retrieved the legal file on December 5, 2023, he never looked at it until the trial court asked him to do so during the May 24, 2024, hearing. *Id.* He admitted that, if he had looked in the file when he retrieved it on December 5, 2023, he would have seen the October 12, 2023, order, which directed his appearance at the December 15, 2023, non-jury trial. *Id.* at 24. However, Appellant indicated he chose not to

- 13 -

look at the contents of the file.[5]  *Id.* at 25.  Rather, it was his hope to "just hand it to another lawyer," but he was unable to find another lawyer in a timely fashion.  *Id.*

Upon further questioning by the trial court, Appellant admitted the October 12, 2023, scheduling order was dictated in open court in his presence; however, he testified that Attorney Pulizzi did not confirm the date or time but just "left him and that was it."  *Id.* at 23.  Appellant noted the October 12, 2023, written order was sent solely to Attorney Pulizzi, and it is his belief that Attorney Pulizzi should have sent the order to him in a timely fashion to remind him.  *Id.* at 23-24.

At the conclusion of the hearing, the trial court indicated the following:

> Attorney Rosamilia makes a very compelling argument that a defendant who has been denied his day in court due to the mistake of others should receive some justice for that.  The reality is that [Appellant] was not denied his day in court.  We had a day in court.  He just didn't come.  So, it's not true to say—it's not accurate to say he didn't get his day in court.  He was present when I dictated an order scheduling the trial.  He just didn't come.
>
> ***
>
> And it would be better if [Appellant] was present for the trial.  I think I heard [Appellant] say that we should have contacted him to remind him about the trial.  Well, you know, we don't do it that way.  That is, this is not a dentist office.  We don't send text messages saying, don't forget your appointment tomorrow.
>
> ***

---

[5] Appellant testified that he is able to read and write the English language. *Id.* at 25.

- 14 -

And now, this 24th of May, 2024, after an Evidentiary Hearing on [Appellant's] Motion for Post Trial Relief, the Court finds the following by clear and convincing evidence:

One. [Appellant] was present during a scheduling conference in open court on October 12th, 2023, when the court dictated an order scheduling a non-jury trial for December 15th, 2023.

Two. [Appellant] testified during the hearing this date that he was present while that order was dictated, but that his attorney never sent him a [written] copy.

Three. [Appellant] testified during the hearing conducted this date that the order was in his attorney's file at the time he picked up the file on December 5th, 2023, but that he did not review the contents of the file because he was occupied searching for new counsel.

Next number. Based upon the fact that [Appellant] was present at the time the Court dictated the order of October 12, 2023, scheduling trial for December 15th, 2023, and based upon the fact that the written order scheduling trial was present in Attorney Pulizzi's file on December 5th, 2023, [Appellant] had actual notice both being present in court and being in possession of a copy of the order that a trial was scheduled for December 15th, 2023.

Next number. [Appellant's] prior counsel, who received the order of October 12, 2023, did not send a copy of the order to him nor did she attend the trial. By her letter of April 29th, 2024, to the Court, prior counsel for [Appellant] advised the Court that she, quote, verbally reminded him of the non-jury trial scheduled for December 15th, 2023, during that telephone call, end quote. [Appellant] disputes that contention, and he alleges that he did not recall the contents of the order dictated in his presence on October 12th, 2023.

Next number. There was no evidence introduced during the hearing conducted this date that [Appellant's] presence at the trial would have changed the outcome of the trial.

For the reasons more fully set forth above, it appears to the Court that [Appellant's] failure to attend the trial was directly a result of [Appellant's] inadvertence both in failing to recall the Court's order of October 12th, 2023, dictated in his presence, and his failure to review the contents of his attorney's file, which he picked up on December 5th, 2023. Because his failure to attend

- 15 -

the trial was a result of his own inadvertence, the Court finds that the allegations sets forth in paragraph 18 of [Appellant's] Motion for post-trial relief[6] are inaccurate. On the contrary, [Appellant] had actual notice of the date and time of trial, but simply forgot.

For the reasons more fully set forth above, [Appellant's] motion for post-trial relief is denied.

*Id.* at 32-36 (footnote added).

On that same date, the trial court filed a written order commemorating the verbal order stated in open court. Moreover, on June 5, 2024, the trial court entered judgment in favor of Appellees as to both counts of their amended complaint. On June 19, 2024, Appellant filed a timely counseled notice of appeal, and by order entered on June 24, 2024, Appellant was directed to file a Pa.R.A.P. 1925(b) statement. Appellant timely complied, and on July 16, 2024, the trial court filed a responsive Rule 1925(a) opinion.

On appeal, Appellant presents the following issues in his "Statement of the Questions Involved" (verbatim):

A. Whether the trial court committed an error of law/abuse of discretion by failing to order a new trial despite clear violation of Pa.R.C.P. 1012 and Pa. Rule of Prof. Conduct 1.16?

B. Whether the trial court committed an error of law/abuse of discretion in failing to order a new trial despite a "manifest injustice" resulting from the actions of Appellant's prior counsel?

---

[6] In paragraph 18 of his post-trial motion, Appellant averred: "Specifically, [Appellant] was never advised of the December 15, 2023, non-jury trial date by prior counsel, and the October 12, 2023, order of Court scheduling the matter for the December 15, 2023, non-jury trial was sent only to Attorney Pulizzi, and not directly to [Appellant]." Appellant's Post-Trial Motion, filed 4/23/24, at 3 ¶18.

- 16 -

Appellant's Brief at 6 (unnecessary capitalization and suggested answers omitted).

Appellant's issues are intertwined. Specifically, Appellant contends that, on November 2, 2023, Attorney Pulizzi formally entered her appearance on behalf of Appellant in this landlord-tenant matter; however, on December 1, 2023, she withdrew her representation without seeking leave of court. Appellant avers Attorney Pulizzi's praecipe to withdraw was defective under Pennsylvania Rule of Civil Procedure 1012(b), as well as Pennsylvania Rule of Professional Conduct 1.16. He contends that, due to "the egregious actions of Appellant's former counsel," he should have been granted a new trial. Appellant's Brief at 12.

Moreover, Appellant contends that, since Attorney Pulizzi "abruptly" withdrew her appearance, "in order to avoid a manifest injustice, the lower court should have exercised its powers to ensure that a fair trial was conducted with proof of notice of the trial date to Appellant." *Id.* at 13-14. Specifically, Appellant suggests that, after Attorney Pulizzi filed her defective praecipe to withdraw, the trial court should have sent a "new" notice to Appellant to remind him of the trial date. *Id.* Alternatively, Appellant avers that, when Appellant failed to appear for the December 15, 2023, trial, the trial court should have *sua sponte* continued the matter. *Id.*

Initially, we note the following standard of review applies to our review of the trial court's denial of a motion for a new trial:

> We will reverse a trial court's decision to deny a motion for a new trial only if the trial court abused its discretion. We must review the court's alleged mistake and determine whether the court erred and, if so, whether the error resulted in prejudice necessitating a new trial. If the alleged mistake concerned an error of law, we will scrutinize for legal error. Once we determine whether an error occurred, we must then determine whether the trial court abused its discretion in ruling on the request for a new trial.

*Carlini v. Glenn O. Hawbaker, Inc*., 219 A.3d 629, 643 (Pa.Super. 2019) (citations omitted). *See Mader v. Duquesne Light Co.*, 663 Pa. 201, 241 A.3d 600, 607 (2020) ("An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will. Merely because an appellate court would have reached a different result than the trial court does not constitute a finding of an abuse of discretion.") (citations omitted)).

Initially, we note "the law is well settled that there is no right to counsel in civil cases." *Rich v. Acrivos*, 815 A.2d 1106, 1108 (Pa.Super. 2003) (citation omitted). Further, except where another attorney has previously entered his/her appearance or simultaneously entered his/her appearance, the Pennsylvania Rules of Civil Procedure provide that counsel of record shall request permission from the court before withdrawing from representation.[7]

---

[7] As Appellant notes, the Pennsylvania Rules of Professional Conduct also provide that "a lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation." Pa.R.P.C. 1.16(c).

- 18 -

*See* Pa.R.C.P. 1012(b). However, the Rules do not state that where an attorney fails to do so, the case may not proceed. Indeed, to construe the rule in this manner would allow an obstructive or irresponsible attorney to frustrate the court process.

Rather, the issue is whether Attorney Pulizzi's withdrawal without leave of court resulted in prejudice to Appellant necessitating a new trial. *Carlini*, *supra*. Under the facts of the instance matter, we conclude the trial court did not abuse its discretion in holding that Appellant was not entitled to a new trial.

Instantly, while Appellant is correct that Attorney Pulizzi should have filed a petition with the trial court seeking permission to withdraw her representation, as opposed to filing a praecipe announcing her withdrawal, we cannot conclude her actions deprived Appellant of sufficient notice that she was withdrawing. *See* Pa.R.C.P. 1012, Explanatory Comment (indicating the provisions of Rule 1012 emphasize the need to notify the represented party of the proposed withdrawal of appearance by the attorney). In fact, just four days after Attorney Pulizzi filed her praecipe to withdraw, Appellant filed a form with the Prothonotary indicating he was representing himself in this matter and specifically requesting the removal of Attorney Polizzi as his counsel.

Furthermore, and as the trial court indicated, what appears to be the "crux" of Appellant's issues is whether Attorney Polizzi's withdrawal resulted

in "manifest injustice" because she did not inform Appellant that his non-jury trial was scheduled for December 15, 2023. That is, Appellant suggests that, given Attorney Pulizzi's procedurally defective withdrawal, the trial court should find Appellant had no notice of the December 15, 2023, trial and/or upon discovering Attorney Pulizzi had defectively withdrawn, the trial court should have either provided new notice to Appellant or *sua sponte* continued the non-jury trial when Appellant failed to appear.

Certainly, fundamental fairness and due process requires that civil litigants are entitled to notice of pending trials. ***See generally PNC Bank, N.A. v. Unknown Heirs***, 929 A.2d 219, 230 (Pa.Super. 2007) (holding party must have actual notice of pending trial to satisfy due process). Our Rules of Civil Procedure provide that notice shall be given to the litigants by the trial court as to the date on which the case may be tried. ***See*** Pa.R.C.P. 212.1(a) (indicating that, in a civil action which is to be tried by a jury, notice shall be given by the trial court of the earliest date on which the case may be tried); Pa.R.C.P. 1038 (indicating that trials conducted by judges shall be conducted as nearly as may be as a trial by jury is conducted).

Here, regardless of whether Attorney Pulizzi's notice of withdrawal was defective, the trial court found the court gave Appellant proper notice, and, in fact, Appellant had actual notice of the December 15, 2023, non-jury trial date. In this vein, as the trial court found, Appellant was present in the courtroom during the October 12, 2023, scheduling conference hearing when

the trial court announced in open court that the non-jury trial would be held on December 15, 2023, at 1:30 pm in Courtroom 5. *See* Trial Court Opinion, filed 7/16/24, at 1-2. Moreover, although the written copy of the October 12, 2023, scheduling order was mailed to Attorney Pulizzi,[8] as opposed to Appellant, the trial court found Appellant had a copy of the written order in his possession as of December 5, 2023, when he retrieved his legal file from Attorney Pulizzi. *See id.* The trial court's factual findings are supported by the record. *See Carlini*, *supra*. Accordingly, we conclude the trial court properly held Appellant had actual knowledge of the trial date, time, and place.

Moreover, we agree with the trial court that Appellant's proffered excuses for failing to appear at the December 15, 2023, trial do not amount to a "satisfactory excuse" requiring a new trial. Pennsylvania Rule of Civil Procedure 218 relevantly provides that "[a] party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse." Pa.R.C.P. 218(c). The Note to Pa.R.C.P. 218 provides that "[a] decision of the court following a trial at which the defendant failed to appear is subject to the filing of a motion for post-trial relief which may include a request for a new trial on the ground of a satisfactory excuse for the defendant's failure to appear." Pa.R.C.P. 218, Note.

_____

[8] Attorney Pulizzi was Appellant's attorney when the trial court mailed her the October 12, 2023, order.

- 21 -

This Court has indicated that "a satisfactory excuse must be an excuse that would constitute a valid ground for a continuance." *Manack v. Sandlin*, 812 A.2d 676, 681 (Pa.Super. 2002) (cleaned up). Ascertaining the validity of the grounds is within the broad discretion of the trial court, "and an appellate court should not disturb such a decision unless an abuse of that discretion is apparent." *Corrado v. Thomas Jefferson Univ. Hosp.*, 790 A.2d 1022, 1035 (Pa.Super. 2001). Examples of satisfactory excuses "include agreement of counsel; illness of counsel, a party, or a material witness; inability to maintain the testimony of an absent witness by means of discovery; or such other grounds as may be allowed by the court." *Breza v. Don Farr Moving & Storage Co.*, 828 A.2d 1131, 1135 (Pa.Super. 2003) (cleaned up).

Here, Appellant testified at the post-trial motion hearing that, although he was present on October 12, 2023, when the trial court announced the date and time for trial, he subsequently "forgot" what he heard. Moreover, he testified he voluntarily chose not to read the contents of his legal file when he retrieved it on December 5, 2023, and he admitted that, had he done so, he would have discovered the October 12, 2023, written scheduling order. We agree with the trial court that such "excuses" are not "satisfactory excuses" requiring a new trial. *See Breza*, *supra*.

Accordingly, as provided by Pa.R.C.P. 218, after Appellant failed to appear for trial, the trial court was permitted to proceed to trial in Appellant's

absence and without providing him with additional notice. *See* Pa.R.C.P. 218; ***Barrett v. M&B Medical Billing, Inc.***, 291 A.3d 371 (Pa.Super. 2022) (holding that, pursuant to Pa.R.C.P. 218, a trial may be held in the absence of the defendant if the defendant fails to appear). As indicated *supra*, Appellees presented their case during the trial, and the trial court found they met their burden of proof. *See* Pa.R.C.P. 218 (indicating that, if the defendant is not ready without satisfactory excuse or fails to appear, the plaintiff may proceed to trial to prove his or her case).

Finally, to the extent Appellant suggests that, as of December 5, 2023, when he completed the form to proceed *pro se*, the trial court should have recognized he was an unskilled litigant and given him "leeway" when he failed to appear for trial, we note that *pro se* litigants are granted the same rights, privilege, and considerations as accorded to parties represented by counsel. ***See First Union Mortgage Corp. v. Frempong***, 744 A.2d 327 (Pa.Super. 1999). However, *pro se* status does not entitle a litigant to any particular advantage because of his lack of legal training. ***See id.*** Accordingly, we find no abuse of discretion.

For all of the aforementioned reasons, we affirm.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/11/2025